**UNITED STATES of America, Plaintiff,**

**v.**

**John CLINTON, Margaret Clinton, State of New York Tax Commission, City of New York, Frank Hogan, District Attorney, New York County, John A. McAvinue, Matthew H. Brandenburg, and Thomas E. Rosetti, Property Clerk, Police Department, New York City, as holder of the sum of $23,545.17, Defendants.**

United States District Court
S. D. New York.

June 22, 1964.

---

Robert M. Morgenthau, U. S. Atty., Patricia A. Garfinkel, Asst. U. S. Atty., ·of counsel, for plaintiff.

John E. Mahoney, Manhasset, N. Y., for defendants John Clinton and Margaret Clinton.

Louis J. Lefkowitz, Atty. Gen., New York City, for State Tax Commission.

Matthew H. Brandenburg, New York City, for defendant Brandenburg.

CASHIN, District Judge.

The captioned action was instituted by the United States on June 24, 1957, pursuant to 26 U.S.C. § 7403(a), to foreclose a lien on impounded money held by the Property Clerk of the Police Department of the City of New York. The action has as its basis certain jeopardy assessments which were made against John and Margaret Clinton pursuant to 26 U.S.C. § 6861 on March 28, 1957. The defendants Clinton petitioned the Tax Court of the United States for a review of the assessments by the Commissioner of Internal Revenue on April 15, 1957.

By the present motion the defendants Clinton (joined in by defendant Matthew H. Brandenburg) seek an order staying the plaintiff from further prosecuting the above case, on the ground that the action should be stayed by operation of law until after the decision of the Tax Court becomes final. It is not expected that the Clintons' Tax Court action will be reached until October or November 1964.

It is contended by the defendants that by virtue of the provisions of 26 U.S.C. § 6213 this suit is barred "until the decision of the Tax Court has become final." However, in view of the fact that § 6213(a) specifically refers to § 6861 (the jeopardy assessment section) as an exception to this rule, I find no merit to defendants' contention. The restrictions which the Code places upon the collection of tax following a petition to the Tax Court do not apply to jeopardy assessments. 9 Mertens, Federal Income Taxation, § 49.144.

Petitions to the Tax Court do not stay collection of the tax when a jeopardy assessment has been made, unless the taxpayer files a bond. United States v. O'Connor, 291 F.2d 520, 525 (2 Cir. 1961). See also, Cohen v. United States, 297 F.2d 760, 773–774 (9 Cir. 1962). No bond has been filed here.

The present action is quite different in nature from the Tax Court proceeding. The District Court proceeding is necessary to determine whether there is property belonging to the taxpayer in the fund impounded by the Police Property Clerk, whereas in the Tax Court proceeding the issue is whether the assessed deficiency is correct. If the Tax Court should find that there has been an over-assessment, an adequate remedy still remains available in that a refund may be obtained.

The defendants' motion for a stay is denied. See 26 U.S.C. § 7421(a).

It is so ordered.